# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
# DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed.**

| | |
|---|---|
| **Appeal No. & Caption** | 17-6364 Danny Thompson v. Douglas Gansler et at |
| **Originating No. & Caption** | 1:14-cv-1268-WMN Danny Thompson v. Goins-Johnson |
| **Originating Court/Agency** | United States District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC 2253; 28 USC 1291 |
| Time allowed for filing in Court of Appeals | 30 Days |
| Date of entry of order or judgment appealed | September 28, 2016 |
| Date notice of appeal or petition for review filed | March 20, 2017 |
| If cross appeal, date first appeal filed | N/A |
| Date of filing any post-judgment motion | October 25, 2016 |
| Date order entered disposing of any post-judgment motion | February 28, 2017 |
| Date of filing any motion to extend appeal period | N/A |
| Time for filing appeal extended to | N/A |
| Is appeal from final judgment or order? | ◉ Yes   ○ No |
| If appeal is not from final judgment, why is order appealable? | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | Unknown | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

On April 14, 2014, Mr. Thompson filed a petition for habeas corpus relief challenging the effectvie assistance of his state court criminal counsel. On September 28, 2016, the district court denied the petition. Mr. Thompson filed a motion to alter or amend that judgment which was granted in part by granting a certificate of appealability. Mr. Thompson filed a timely notice of appeal on March 20, 2017.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Did the district court err in denying Mr. Thompson's petition for writ of heabeas corpus, where the court overruled the state post-conviction court's finding that Mr. Thompson's trial counsel's performance was constitutionally deficient where his counsel failed to object to legally inconsistent jury verdicts that are not allowed in Maryland and finding that the post conviction court did not unreasonably apply clearly established federal law in holding that the deficient performance did not prejudice Mr. Thompson? |

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: Patricia Goins-Johnson | Adverse Party: Brian Frosh |
|---|---|
| Warden | Attorney General |
| Attorney: Edward John Kelly<br>Address: Office of the Attorney General of MD<br>200 St. Paul Place, 17th Floor<br>Baltimore, Maryland 21202 | Attorney: Edward John Kelly<br>Address: same |
| E-mail: ekelly@oag.state.md.us | E-mail: same |
| Phone: 410-576-7964 | Phone: same |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| Appellant (Attach additional page if necessary.) | |
|---|---|
| Name: Danny Eugene Thompson<br><br>Attorney: David W. Lease<br>Address: Smith, Lease & Goldstein, LLC<br>11 North Washington Street<br>Suite 520<br>Rockville, Maryland 20850<br><br>E-mail: dlease@slglaw.com<br><br>Phone: 301-838-8950 | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br><br>E-mail:<br><br>Phone: |

| Appellant (continued) | |
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

Signature: *[signature]*   Date: April 14, 2017

Counsel for: Appellant

---

**Certificate of Service**: I certify that on ___April 14, 2017___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

Signature: *[signature]*   Date: April 14, 2017